IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| JOSEPH A. KURTZ, | ) | |
|---|---|---|
| Plaintiff, | ) | 8:19CV29 |
| v. | ) | |
| | ) | **MEMORANDUM** |
| HOTEL-HILTON-SECURITY STAFF, | ) | **AND ORDER** |
| Defendant. | ) | |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that the Defendant security guards asked him to leave a Hilton Hotel if Plaintiff did not have a room. Plaintiff also complains that Defendants called a cab for Plaintiff on another occasion, but the cab did not show up, forcing Plaintiff to go to another hotel to secure a cab. Plaintiff seeks $45.00 for the cab fare.

## II. DISCUSSION

Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when the parties are of diverse

citizenship and the amount in controversy exceeds $75,000, or when a "federal question" is presented. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a).

Subject-matter jurisdiction is also proper under 28 U.S.C. §§ 1331 when a plaintiff asserts a claim arising under a federal statute, the Constitution, or treaties of the United States, commonly referred to as "federal question" jurisdiction. *McLain v. Andersen Corp.*, 567 F.3d 956, 963 (8th Cir. 2009). Under this type of jurisdiction, and in order to bring a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendants deprived him of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under "color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Plaintiff's Complaint does not allege that he is a citizen of a different state than each of the Defendants or that the amount in controversy is greater than $75,000.00, nor do Plaintiff's allegations present a "federal question." Therefore, Plaintiff has failed to establish a basis upon which this court may exercise jurisdiction in this matter.

On the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth the basis for this court's subject-matter jurisdiction. Failure to do so will result in dismissal of this matter without further notice.

IT IS THEREFORE ORDERED that:

1. On the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth the basis for this court's subject-matter jurisdiction. Failure to do so will result in dismissal of this matter without further notice.

2. The clerk's office is directed to set a pro se case management deadline in this matter: April 4, 2019—Deadline for Plaintiff to file amended complaint.

DATED this 5th day of March, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge